**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| ANTONIO SIERRA CORTES,<br><br>Petitioner,<br><br>v.<br><br>CRAIG A. LOWE, *Warden of Pike County Correctional Facility, et al.*,<br><br>Respondents. | No. 4:26-CV-02416<br><br>(Chief Judge Brann) |

# MEMORANDUM OPINION

**NOVEMBER 5, 2026**

## I. BACKGROUND

Antonio Sierra Cortes is a detainee of the United States Department of Homeland Security, Immigration and Customs Enforcement ("ICE").[1] Sierra Cortes is currently detained at the Pike County Correctional Facility located within the Middle District of Pennsylvania.[2] Sierra Cortes, a citizen and native of Mexico, entered the United States of America in April of 2008.[3] On August 3, 2026, Sierra Cortes was arrested by ICE after appearing for a court hearing on pending charges for assault, strangulation, and false imprisonment.[4] Though the charges were

---

1 Doc. 1.
2 *Id*. at 1.
3 Doc. 5-3, at 1.
4 Doc. 5-5 at 2-3.

ultimately dismissed, Sierra Cortes pleaded guilty to disorderly conduct and has remained in ICE custody since that date.[5]

Sierra Cortes first filed a 28 U.S.C. § 2241 petition seeking release from custody or a bond hearing, asserting that his continued detention without a bond hearing violated his due process rights.[6] The Court granted that motion, ordering Respondents to either release Sierra Cortes or provide him with an individualized bond hearing.[7] The Court further instructed that, should Sierra Cortes be denied bond, Respondents must file a status report providing a "detailed explanation of the reasons for such denial [,] beyond simply stating that [Sierra Cortes] was found to be a danger or flight risk.[8]

Sierra Cortes received a bond hearing on September 14, 2026, before Immigration Judge ("IJ") Jason Frankenfield.[9] The hearing began with Sierra Cortes claiming that his attorney "scammed" him by accepting compensation but failing to appear.[10] The IJ asked Sierra Cortes to confirm six times that he wished to continue without representation, explaining that Sierra-Cortes could withdraw his bond application and seek counsel.[11] Nevertheless, Sierra Cortes elected to proceed based

---

5 *Id.*
6 *See* Doc. 1.
7 Doc. 6; Doc. 7.
8 Doc. 7.
9 Doc. 8.
10 Doc. 11-1, at 3.
11 *Id.* at 3-4.

on the information provided in filings.[12] The IJ then asked Sierra Cortes if he had "anything that [he] would wish to say to the Court . . . ."[13] Sierra Cortes briefly raised the extended duration of his presence in the United States, along with his wife and children—all of whom live in the United States.[14] The IJ proceeded to hear argument from the Government, which focused on Sierra Cortes's alleged danger to the community based on his criminal record and conviction for disorderly conduct.[15] The Government referenced a probable cause affidavit that described the underlying offense.[16] The IJ then denied Sierra Cortes's request for bond, deeming him to be a danger to the community "based on [his] criminal history, history of arrest, and incidents involving the criminal justice system."[17]

Sierra Cortes now moves for this Court to enforce its judgment, asserting that the bond hearing was constitutionally deficient contrary to the Court's September 1, 2026 Order.[18] In opposition, Respondents argue that 8 U.S.C. § 1226(e) strips the Court of jurisdiction to review the IJ's bond hearing determination[19] and that Sierra Cortes failed to exhaust his administrative remedies.[20] Respondents also assert that, regardless, Sierra Cortes received an individualized bond hearing in accordance with

---

12 *Id*. at 3-4.
13 *Id*. at 4-5.
14 *Id*. at 5.
15 *Id*. at 5-7.
16 *Id*.
17 *Id*. at 7.
18 Doc. 9.
19 Doc. 11, at 4-5.
20 *Id*. at 5-8.

the Court's Order, and that Sierra Cortes essentially seeks to relitigate the merits of the hearing.[21] This matter is now ripe for disposition. For the reasons discussed below, the motion will be denied.

## II. DISCUSSION

### A. Jurisdiction

Title 8 U.S.C. § 1226(e) provides that "[n]o court may set aside any action or decision by the Attorney General under this section regarding the detention of any alien or the revocation or denial of bond or parole."[22]

Despite that rather definitive language, the United States Court of Appeals for the Third Circuit has explicitly held that "[n]othing in 8 U.S.C. § 1226(e) prevents [courts] from deciding whether the immigration officials had statutory authority to impose mandatory detention" and that "Section 1226(e) does not limit habeas jurisdiction over constitutional claims or questions of law."[23] Stated differently, although courts "lack jurisdiction to review any discretionary determinations underlying the IJ's bond decision, [they] may review whether the bond hearing was fundamentally unfair."[24]

---

21 *Id.* at 8-12.

22 8 U.S.C. § 1126(e).

23 *Sylvain v. Att'y Gen. of U.S.*, 714 F.3d 150, 155 (3d Cir. 2013) (quoting *Singh v. Holder,* 638 F.3d 1196, 1202 (9th Cir. 2011)).

24 *Ghanem v. Warden Essex Cnty. Corr. Facility*, No. 21-1908, 2022 WL 574624, at *2 (3d Cir. Feb. 25, 2022).

Additionally, beyond a court's ability to examine the constitutional adequacy of a bond hearing, it is well established that a "court has the inherent power to enforce its own orders."[25] Courts therefore have "continuing jurisdiction to address alleged noncompliance with [a] conditional writ of habeas corpus."[26]

Here, Sierra Cortes asserts that his hearing failed to comply with the Court's order mandating that Sierra Cortes receive a bond hearing in line with fundamental notions of due process.[27] These arguments are excepted from § 1226(e)'s bar on review of bond determinations, as the Court is not divested of jurisdiction to consider whether the bond hearing complied with the Court's own order and whether it was fundamentally fair.[28] Therefore, Respondents' jurisdictional arguments fail.

Respondents additionally assert that Sierra Cortes has failed to exhaust his administrative remedies related to the bond hearing, and that, therefore, this Court should decline to review the motion.[29] As other courts have discussed, whether an individual must exhaust administrative remedies by appealing a denial of bond is an "area of unsettled law in the Third Circuit and in this District" and "there are several decisions in this district reaching conflicting conclusions about whether exhaustion is required."[30]

---

25 *E.O.H.C. v. Sec'y U.S. Dep't of Homeland Sec.*, 950 F.3d 177, 194 (3d Cir. 2020).
26 *Gibbs v. Frank*, 500 F.3d 202, 205 (3d Cir. 2007) (citing *Phifer v. Warden,* 53 F.3d 859, 865 (7th Cir. 1995)).
27 *See* Doc. 9.
28 *See Ghanem*, 2022 WL 574624, at *2.
29 Doc. 11, at 5-8.
30 *Shonhai v. Lowe*, No. CV 3:24-229, 2026 WL 538865, at *10 (M.D. Pa. Feb. 26, 2026).

The Court need not determine whether exhaustion of administrative remedies is required in this matter because, even when exhaustion is necessary, courts will not enforce that requirement if exhaustion "would be futile, if the actions of the agency clearly and unambiguously violate statutory or constitutional rights, or if the administrative procedure is clearly shown to be inadequate to prevent irreparable harm."[31] As it relates to an appeal of the denial of bond, futility is apparent because "'it is not at all clear that the BIA could evaluate the legality of the IJ's bond determination in relation to [a district court's order]—the BIA has, for example, consistently refused to reach and decide constitutional questions.'"[32]

Additionally, to the extent that Sierra Cortes would be required to exhaust administrative remedies, such exhaustion would not apply to this Court's review of its own order when determining if Respondents complied therewith. Accordingly, the Court has jurisdiction to consider Sierra Cortes's motion.

### B. Merits

Turning to the merits of the motion, Sierra Cortes argues that his bond hearing was deficient and, therefore, did not comply with the Court's prior Order.[33]

---

31 *Id.* (quoting *Lyons v. U.S. Marshals*, 840 F.2d 202, 205 (3d Cir. 1988)).

32 *Id.* (quoting *Y.S.G. v. Andrews*, No. 25-cv-1884, 2025 WL 2979309, at *7 (E.D. Cal. Oct. 22, 2025)).

33 *See* Doc. 7; Doc. 9.

Respondents assert that the IJ sufficiently considered Sierra Cortes's circumstances and that the hearing was not procedurally deficient.[34]

"Throughout all phases of deportation proceedings, petitioners must be afforded due process of law."[35] The Due Process Clause guarantees individuals "an opportunity to be heard at a meaningful time and in a meaningful manner."[36] "This guarantee comprises three key protections: (1) factfinding based on a record produced before the decisionmaker and disclosed to him or her; (2) the opportunity to make arguments on his or her own behalf; and (3) an individualized determination of his or her interests."[37] "In other words, petitioners must receive a full and fair hearing that allows them a reasonable opportunity to present evidence on their behalf."[38]

"[A] 'decisionmaker must actually consider the evidence and argument that a party presents,' and denies due process when it acts 'as a mere rubber-stamp.'"[39] "A bond hearing is individualized 'if it is not so arbitrary that it would offend fundamental tenets of due process[,'] 'if there is a discernible rational basis for the

34 *See* Doc. 11.

35 *Serrano-Alberto v. Att'y Gen. U.S.*, 859 F.3d 208, 213 (3d Cir. 2017).

36 *Id.* (internal quotation marks omitted).

37 *Id.* (brackets and internal quotation marks omitted).

38 *Id.* (internal quotation marks omitted).

39 *Zheng v. Rokosky*, 826 F. Supp. 3d 545, 555 (D.N.J. 2026) (quoting *Abdulai v. Ashcroft*, 239 F.3d 542, 549 (3d Cir. 2001), *superseded by statute on other grounds*).

underlying administrative decision, and [if] the immigration judge applies the correct legal standards.'"[40]

For a bond hearing to be fundamentally fair, any evidence relied upon by an IJ "must be individualized and support a finding that continued detention is needed to prevent him from fleeing or harming the community."[41] "'Mechanistic reliance on factors that are common to all § 1226([a]) detainees will not suffice.'"[42] The Board of Immigration Appeals ("BIA") has enumerated proper and relevant considerations for an IJ to use when determining whether a noncitizen is a danger to the community or a risk of flight, including, *inter alia*, whether the alien has a fixed address in the United States, the alien's family ties in the United States, and the alien's employment history.[43]

---

[40] *Id.* at 555 (quoting *Vasquez-Rosario v. Noem*, No. 25-7427, 2026 WL 395711, at *2 (E.D. Pa. Feb. 12, 2026)).

[41] *Santos v. Lowe*, No. 1:18-CV-1553, 2020 WL 4530728, at *3 (M.D. Pa. Aug. 6, 2020) (quoting *German Santos v. Warden Pike Cnty. Corr. Facility*, 965 F.3d 203, 214 (3d Cir. 2020)).

[42] *Id.* (quoting *Wilkins v. Doll*, No. 1:17-CV-2354, 2018 WL 3388032, at *2 (M.D. Pa. July 12, 2018)).

[43] *Castillo Reyes v. Rose*, 820 F. Supp. 3d 343, 352 n.7 (E.D. Pa. 2026). Specifically, these considerations are known as the *Guerra* factors, which the Ninth Circuit has held are probative of danger to the community or risk of flight. *See Martinez v. Clark*, 124 F. 4th 775, 786 (9th Cir. 2024) (citing *In re Guerra*, 24 I. & N. Dec. 37, 40 (BIA 2006)). The *Guerra* factors an IJ may consider include "any or all of the following: (1) whether the alien has a fixed address in the United States; (2) the alien's length of residence in the United States; (3) the alien's family ties in the United States, and whether they may entitle the alien to reside permanently in the United States in the future; (4) the alien's employment history; (5) the alien's record of appearance in court; (6) the alien's criminal record, including the extensiveness of criminal activity, the recency of such activity, and the seriousness of the offenses; (7) the alien's history of immigration violations; (8) any attempts by the alien to flee prosecution or otherwise escape from authorities; and (9) the alien's manner of entry to the United States." *Id.* Courts in this circuit have begun to recognize that such factors are proper considerations in determining dangerousness and risk of flight. *See, e.g., Castillo Reyes*, 820 F. Supp. 3d at 352 n.7; *Avilov v. McShane*, No. 26-2431, 2026 WL 1947617, at *2 (E.D. Pa. July 6, 2026); *Nasimov v.*

Turning now to the arguments, Sierra Cortes first contends that the IJ erroneously burden shifted.[44] However, in a bond hearing "under § 1226(a)[,] the burden remains on the detainee at all times."[45] The Court accordingly finds that IJ properly placed the burden of proof on Sierra Cortes. Sierra Cortes's next, and main, argument asserts that the IJ failed to rely on any evidence before deeming him a danger to the community.[46] However, the record is clear that the IJ cited to Sierra Cortes's "criminal history, history of arrest, and incidents involving the criminal justice system."[47] The IJ further reviewed details of a probable cause affidavit that identified Sierra Cortes as "punch[ing] [someone] several times in the face and body while they were in a parking lot . . . . grabb[ing] her by the neck . . ." and "chok[ing] her."[48] Insofar as Sierra Cortes asserts the vast weight of the evidence supports the notion that he is not dangerous, it is well established that "this Court lacks the authority to 'reweigh the evidence' presented at the bond hearing."[49] Consequently, the weight of the evidence alone cannot compel a finding that the bond hearing was constitutionally infirm.

---

*Jamison*, No. 25-7420, 2026 WL 94615, at *6 n.10 (E.D. Pa. Jan. 13, 2026); *Bueno v. O'Neill*, No. 26-304, 2026 WL 413315, at *7 n.11 (E.D. Pa. Feb. 13, 2026); *Dia v. Mullin*, No. 4:26-CV-01418, 2026 WL 1708513, at *5 n.54 (M.D. Pa. June 12, 2026) (Brann, J.).

44 Doc. 9, at 3.

45 *Borbot v. Warden Hudson Cnty. Corr. Facility*, 906 F.3d 274, 279 (3d Cir. 2018).

46 Doc. 9, at 3.

47 Doc. 11-1, at 7.

48 *Id.* at 5-6.

49 *Collado Nunez v. Oddo*, No. 25-CV-143J, 2026 WL 1170973, at *9 (W.D. Pa. Apr. 30, 2026) (quoting *Ghanem v. Warden Essex Cnty. Corr. Facility*, No. 21-1908, 2022 WL 574624, at *2, 3 (3d Cir. Feb. 25, 2022)).

To the extent that Sierra Cortes challenges the IJ's reliance on dismissed charges, it is true that complete reliance on dismissed charges may be procedurally insufficient in the absence of other charging documents or affidavits.[50] "Continued detention resting solely on an arrest never tested 'following the full procedural protections of our criminal justice system offers' lacks the neutral fact-finding that due process requires."[51] But here, the IJ considered an affidavit describing the conduct implicated in the charges, a conviction of disorderly conduct, and a prior term of house arrest and probation for driving under the influence.[52] The IJ's determination was therefore materially different from findings made in full reliance on criminal charges alone.

Regardless of whether the Court disagrees with the IJ's ultimate determination that Sierra Cortes had not met his burden of proof, such is not the question before the Court today.[53] For the instant motion, the Court may instead only determine whether Sierra Cortes received a sufficiently individualized bond hearing to comply with the Court's prior Order and fundamental notions of fairness. Having so found that the IJ's flight risk assessment was individualized to Sierra Cortes's submissions

---

50 *See Fabricio-Valdez v. Lowe, et al.*, 4:26-CV-01430, 2026 WL 2966191, at *4 (M.D. Pa. Oct. 2, 2026).

51 *Cesvette v. Moniz*, No. 26-CV-12662, 2026 WL 2494666, at *3 (D. Mass Aug. 25, 2026) (quoting *Doe v. Moniz*, 800 F. Supp. 3d 203, 216 (D. Mass. 2025)).

52 Doc. 11-1, at 5-6.

53 *Ghanem*, 2022 WL 574624, at *3 ("[J]ust because there are disagreements about the outcome of the bond hearing ... does not mean that the IJ violated due process in conducting the bond hearing.").

and was not fundamentally unfair, Sierra Cortes's motion to enforce the judgment is denied.

## III. CONCLUSION

Sierra Cortes's motion to enforce the Court's September 1, 2026 Order is denied. An appropriate Order follows.

BY THE COURT:

*s/ Matthew W. Brann*
Matthew W. Brann
Chief United States District Judge